IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MONTGOMERY CARL AKERS,**

        **Plaintiff,**

    **vs.**
                                CIVIL ACTION
                                       No. 08-3106-SAC

**MICHAEL SHUTE, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff, a prisoner in federal custody, alleges his rights under the Fourth Amendment were violated by interference with his mail during his detention at the Leavenworth, Kansas, facility operated by Corrections Corporation of America (CCA).

Defendants have filed a motion seeking the dismissal of this matter, or, in the alternative, summary judgment. The court has examined the record and enters the following findings and order.

**Background**

Petitioner was incarcerated in the United States Penitentiary, Leavenworth, Kansas, while serving a 105-month

sentence for fourteen counts of bank fraud, one court of making, uttering and possessing a counterfeit security, and one count of failure to appear.

While incarcerated, plaintiff commenced another scheme with a pen pal that involved fraudulent checks and caused losses of over $42,000.00 to Fidelity Brokerage Services and Bank of America. *U.S. v. Akers*, 261 Fed. Appx. 110 (10th Cir. 2008). As a result of this conduct, plaintiff was indicted on five counts of wire fraud.

While incarcerated in the CCA facility under the pending indictment, plaintiff commenced another scheme, this time with the assistance of a former inmate, that involved fraudulent checks. While the face value of the checks exceeded $100,000.00, the actual losses was approximately $2,000.00. The government issued a superseding indictment adding a charge of conspiracy to commit bank fraud.

Petitioner was convicted in the District of Kansas on one count of wire fraud. *See U.S. v. Akers*, 261 Fed. Appx. 110 (10th Cir. 2008) and *U.S. v. Akers*, 317 Fed. Appx. 798 (10th Cir. 2009).

While awaiting sentencing, plaintiff commenced two more fraud schemes. The first, which involved another pen pal, resulted in fraudulent checks in excess of one million dollars

and actual loss of $8,000.00. The second scheme involved the daughter of another inmate. Acting on plaintiff's promises of employment, the woman bought check-writing software and her spouse left his job. Because the woman was unable to operate the software, no fraudulent checks were issued, but the family suffered financial hardship as a result of plaintiff's scheme. 261 Fed.Appx. 110 at *3.

Plaintiff was sentenced on November 20, 2006, to 327 months for one count of bank fraud. Due to plaintiff's continuing criminal conduct during his custody at the CCA facility, the sentencing court recommended plaintiff be placed in segregation, he not be allowed to send or receive mail except to his counsel of record, that all correspondence be examined to ensure its compliance with these terms, and that he have no telephone privileges. *Akers*, 261 Fed. Appx. at 112-14.

Thereafter, plaintiff's mail at CCA was inspected and confiscated to prevent him from committing additional criminal acts. (Doc. 20, Ex. E.)

**Discussion**

Defendants seek dismissal of this matter under Rule 12(b)(1) and 12(b)(6), or, alternatively, the entry of summary judgment pursuant to Rule 56.

"To survive a motion to dismiss, a complaint must contain

3

sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949 (2009)*(quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). When considering a motion filed pursuant to Rule 12(b)(6), the court "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citations omitted). The court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009).

In contrast, when considering a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure, the court may enter judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

Having considered the record and the arguments of the

parties, the court concludes the matter may be resolved on the complaint alone and therefore will consider the record under Rule 12(b)(6) standard.

**Analysis**

Plaintiff alleges the inspection and confiscation of his non-legal mail violated the Fourth Amendment's prohibition of unreasonable search and seizure. "The gravamen of a Fourth Amendment claim is that the complainant's legitimate expectation of privacy has been violated by an illegal search or seizure." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986)(citation omitted). The Fourth Amendment is of limited application in the context of prison life. "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1994).

Thus, the Supreme Court held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." 468 U.S. at 526. Rather, "[t]he fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects ...." *Id.* at 538 (O'Connor, J., concurring).

It is well-settled that prison authorities may impose

restrictions on outgoing mail where the restrictions are reasonably related to an important penological interest. *Gandy v. Ortiz*, 122 Fed. Appx. 421, 422 (10th Cir. Feb. 10, 2005)(unpublished decision); *Beville v. Ednie,* 74 F.3d 210, 214 (10th Cir. 1996)(where restrictions are reasonably necessary, "corrections officers must be able to inspect all outgoing mail.")

"The investigation and prevention of ongoing illegal inmate activity constitute legitimate penological objectives." *U.S. v. Workman,* 80 F.3d, 688, 699 (2d Cir. 1996)(citing *Thornburgh v. Abbott,* 490 U.S. 401, 411-12 (1989)("[d]angerous outgoing correspondence" from a prisoner that creates a sufficiently "serious threat to prison order and security" includes "plans relating to ongoing criminal activity")).

The restrictions placed upon plaintiff's correspondence following his repeated efforts to initiate new fraudulent schemes while incarcerated did not violate the Fourth Amendment because plaintiff had no reasonable expectation of privacy in his non-legal mail. Rather, the restrictions imposed were entirely reasonable and consistent with well-established legal principles. Plaintiff's claims fail as a matter of law.

**Claims of sovereign and qualified immunity**

Defendants also seek dismissal from this suit on the grounds of sovereign immunity and qualified immunity.

A claim under *Bivens* lies against a federal official in an individual, not official, capacity. *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Absent a waiver, the doctrine of sovereign immunity bars a *Bivens* action against the United States or any of its agencies. *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).

Plaintiff bears the burden of establishing a waiver of sovereign immunity. *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992). Such a waiver "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980)(internal quotation omitted). Plaintiff has not alleged such a waiver, and any claims against defendants in their official capacities must be dismissed under sovereign immunity.

Defendants also assert a defense of qualified immunity. Government officials sued in their individual capacities are entitled to qualified immunity when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Whether a defendant is entitled to such immunity is a legal question. *Wilder v. Turner,* 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008). Because the court has determined

the plaintiff's claims fail as a matter of law under well-established legal principles, it follows that defendants are entitled to qualified immunity in this matter.

**Additional motions**

Finally, several motions filed by plaintiff are pending and warrant brief additional discussion.

Plaintiff's motion for order (Doc. 16) seeks notary services at the United States Penitentiary - Ad/Max, in Florence, Colorado. The court denies the motion; plaintiff should address his request to authorities at that penitentiary and, if necessary, may avail himself of the administrative grievance procedure established by the Bureau of Prisons. 28 C.F.R. §§542.10-.19.

Plaintiff also moves for leave to amend the complaint. Generally, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleadings once before a responsive pleading is filed and thereafter upon leave of either the opposing party or the court. Defendants' motion to dismiss or for summary judgment is a dispositive motion rather than a responsive pleading. *See Brever v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994). However, because plaintiff's allegations in the proposed amended complaint would fail on substantially the same grounds as his original complaint in this

8

matter, the proposed amendment fails on the ground of futility. *See Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)(refusing leave to amend justified only upon certain circumstances including futility of proposed amendment). Plaintiff's related motion for clarification (Doc. 15) concerning the format of an amended complaint is denied as moot.

Plaintiff also moves for the appointment of counsel (Doc. 19). A party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

In the present case, the court finds the claims presented do not warrant the appointment of counsel. There is little, if any, factual dispute, and the applicable legal principles are well-settled. Finally, it is evident plaintiff has pursued a number of legal actions and is well-versed in procedural matters.

Plaintiff's motion to produce (Doc. 21) is denied, as the materials sought are not necessary for the resolution of his

claims.

Plaintiff's motions for sanctions and to strike (Doc. 30) and for investigation (Doc. 36) are denied. These pleadings are both unsupported and malicious and state no compelling basis for the remedies sought by plaintiff.

Plaintiff's motion to correct the spelling of defendant Keszei's name (Doc. 40) is granted.

**Conclusion**

For the reasons set forth herein, this matter is dismissed and all relief is denied. Plaintiff's claims fail as a matter of law.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion to dismiss, or, in the alternative, for summary judgment (Doc. 17) is granted. Defendants' alternative motion for summary judgment (Doc. 20) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for leave to amend the complaint (Doc. 23) and for clarification (Doc. 15) are denied.

IT IS FURTHER ORDERED plaintiff's motion for order (Doc. 16) is denied.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 19) is denied.

IT IS FURTHER ORDERED plaintiff's motion to produce (Doc.

21) is denied.

IT IS FURTHER ORDERED plaintiff's combined motion for sanctions and motion to strike (Doc. 30) is denied.

IT IS FURTHER ORDERED plaintiff's motion for investigation (Doc. 36) is denied.

IT IS FURTHER ORDERED plaintiff's motion to correct caption (Doc. 40) is granted.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 11th day of March, 2010.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge