IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MONTGOMERY CARL AKERS,**

        **Plaintiff,**

  **vs.**

**MICHAEL SHUTE, et al.,**

        **Defendants.**

CIVIL ACTION
No. 08-3106-SAC

**MEMORANDUM AND ORDER**

This matter is a civil rights action, filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), by a prisoner in federal custody. Plaintiff alleged that interference with his non-legal mail violated his rights under the Fourth Amendment. By its Memorandum and Order entered on March 11, 2010, the court granted defendants' motion to dismiss, or, in the alternative, for summary judgment.

Plaintiff has filed a combined motion for reconsideration and motion for recusal of the undersigned (Doc. 43), a motion for an extension of time to file a reply (Doc. 45)[1], and a motion

---

[1] Because the docket sheet in this matter shows plaintiff subsequently filed a reply (Doc. 46), the motion for an extension of time will be denied as moot.

to show cause (Doc. 47).

Plaintiff seeks reconsideration on the ground that the court improperly considered material outside the record in rejecting his claims. Plaintiff also moves for recusal on the ground of partiality, claiming it is apparent that the undersigned has had improper, ex parte contact with the defendants or has shown bias in interpreting the evidence submitted by the defendants.

A party seeking reconsideration of an adverse judgment by the district court may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff's motion for reconsideration was filed within ten days of the entry of the court's Memorandum and Order dismissing this matter, and the court construes the motion as filed pursuant to Rule 59(e). *See Van Skiver, id.*, (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion, under the prior version of that rule, should be construed as a motion under Rule 59(e)).

A party seeking relief under Rule 59(e) must establish one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct

2

clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F .3d 1005, 1012 (10th Cir. 2000).

Such a motion "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)(citations omitted). The motion does not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *See Van Skiver v. United States,* 952 F.2d at 1243.

Plaintiff's primary complaint appears to be this court's notice of material in public records in evaluating the adequacy of his complaint.

In the Tenth Circuit, it is settled that the court may consider materials outside the pleadings in ruling on a 12(b)(6) motion where those materials "are referred to in the ... Complaint, are central to the plaintiffs' claims, and their authenticity has not been disputed by any of the parties." *Moss v. Kopp,* 559 F.3d 1155, 1159 n. 2 (10th Cir. 2009)(citing *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007)).

Likewise, in evaluating a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van*

3

*Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000) *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir.2001). The court has discretion to decide whether to take judicial notice of a particular fact. *Klein v. Zavaras,* 80 F.3d 432, 435 n. 5 (10th Cir. 1996).

Here, the material cited by the court, as background, comes from decisions rendered in criminal cases against the plaintiff. They are part of the public record, and the court may take judicial notice of such documents without converting the motion to dismiss into one for summary judgment. *See Van Woudenberg*, 211 F.3d at 568.

Next, to the extent plaintiff claims he should be allowed to proceed because he seeks injunctive relief, he is not entitled to relief. Plaintiff is no longer incarcerated in the District of Kansas, and his transfer renders any claim for injunctive relief moot. *See Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1311 (10th Cir.), *cert. denied,* --- U.S. ----, 131 S.Ct. 469 (2010)(when a prisoner is transferred from a correctional facility, "declaratory and injunctive relief" ordinarily "will not be available against" defendants at that facility).

Plaintiff also moves for recusal. He asserts the court either has had impermissible ex parte contact with defendants or has made "a biased and prejudiced judgment in structuring

4

exhibit evidence" and has "constructively amended the facts in the record in order to fashion [a] biased ruling." (Doc. 43, pp. 7-8.)

Pursuant to 28 U.S.C. § 144, a judge shall proceed no further in a matter "[w]henever a party to [such proceeding] makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party [.]" Under that provision, "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]"

Pursuant to 28 U.S.C. §455(a), "Any [ ] judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The court must weigh "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal quotations omitted). Recusal is not to be taken lightly, as the recusal statute should not be used as a "judge shopping device." *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995).

Rather, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is

5

for him to do so when there is. A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman* v. *Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)(internal citations omitted).

The court has considered the plaintiff's request, but finds no basis upon which a reasonable person could doubt the court's impartiality. Plaintiff offers only speculation and unsupported accusations of improper activity. There is no basis for recusal, and the court denies plaintiff's motion.

Also before the court is plaintiff's motion to show cause (Doc. 47). In this motion, plaintiff claims the undersigned and Assistant United States Attorneys Allman and Martin have had improper, ex parte contact concerning this matter and that all three are members of a "super secret organization known as the American-Israeli Political Action Committee". (Doc. 47, p. 3.)

In a reply, plaintiff expands his allegations to assert the court "has had impermissible ex-parte contacts with defendant(s) Michael Shute, Kim I. Martin, Christopher Johnson, and James Keszei". (Doc. 49, p. 2.)

Because plaintiff is a pro se litigant, the court construes his pleadings liberally. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). However, the court

6

is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions" contained in such pleadings. *Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir. 1994).

Here, the court finds plaintiff's claims are both unsupported and malicious. Plaintiff offers no specific factual support for his assertions, and his vague assertions of a secret organization, attempts to unlawfully influence the court, and ex parte contacts are, at best, wholly without merit. Plaintiff's request for an order to show cause is denied.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration and motion for recusal (Doc. 43) is denied.

IT IS FURTHER ORDERED plaintiff's motion for an extension of time to file reply (Doc. 45) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion to show cause (Doc. 47) is denied.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 17th day of February, 2011.

    S/ Sam A. Crow
    SAM A. CROW
    United States Senior District Judge