IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONTGOMERY CARL AKERS,

                **Plaintiff,**

    v.                              CASE NO. 08-3106-SAC

MICHAEL SHUTE, et al.,

                **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner in federal custody. On March 11, 2010, the court granted defendants' motion to dismiss, or, in the alternative, for summary judgment. The plaintiff's appeal was dismissed by the United States Court of Appeals for the Tenth Circuit on May 5, 2011. In this order, the court considers plaintiff's motion to vacate all rulings by this court (Doc. 55) and his motion to vacate the date for paying the appellate filing fee (Doc. 59) and concludes both motions should be denied.

*Motion to vacate all rulings*

Plaintiff alleges newly-discovered evidence shows that the court had ex parte contact with defendants and with unnamed district court judges and magistrate judges in Maine, New Hampshire, Washington, D.C., and Nevada. He also alleges there is newly-discovered evidence that this court had contacts with unnamed members of The American-Israeli Political Affairs Committee. He submits no exhibits in support of these allegation. Plaintiff seeks an evidentiary hearing and asks for recusal.

The motion was filed more than 28 days after the dismissal of this action. Because a motion to alter or amend a judgment must be filed within 28 days from the entry of judgment, Fed. R. Civ. P. 59(e), the court liberally construes the present filing as a motion pursuant to Fed. R. Civ. P. 60(b), which must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

"Although a notice of appeal generally divests the district court of jurisdiction, a district court does have the authority 'to consider on the merits and deny a 60(b) motion after a notice of appeal, because the district court's action is in furtherance of the appeal.'" *U.S. v. Edmonson*, 928 F.Supp. 1052, 1053 (D.Kan. 1996)(quoting *Winchester v. U.S. Atty. for Southern Dist. Texas*, 68 F.3d 947, 949 (5th Cir. 1995)). Relief under rule 60(b) is an extraordinary remedy and is appropriate only where exceptional circumstances are shown. *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009).

Plaintiff offers only unsupported assertions of ex parte contacts and fails to make an adequate showing that he is entitled to relief. There is no basis to vacate any ruling in this matter.

Plaintiff's motion to vacate also incorporates a request for recusal. Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, § 455 does not require this court to accept plaintiff's bare allegations as true; rather, "the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d

1261, 1268 (10th Cir. 1988). The decision on whether recusal is appropriate lies within the discretion of the judge, and "[t]here is as much obligation for the judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 938-39 (10th Cir.1987).

The plaintiff's bare assertions are entirely unsupported and do not persuade the court that recusal is warranted in this matter. The court therefore will deny the request for recusal.

*Motion to vacate date for payment of filing fees*

Plaintiff seeks relief from the court's order of April 19, 2011 (Doc. 54), denying him leave to proceed in forma pauperis and directing him to pay the full appellate filing fee. Plaintiff does not challenge the applicability of the bar under 28 U.S.C. §1915(g), which limits the ability to proceed in forma pauperis of a prisoner who has filed three or more lawsuits or appeals in federal court that have been dismissed as frivolous or for failing to state a claim.

Rather, plaintiff responds to the order by alleging misconduct by the court and counsel. These allegations are unsupported and do not show plaintiff is entitled to relief from the order. Finally, as defendants note, the appeal has been dismissed, and the plaintiff's request to revisit the order concerning payment is now moot.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions to vacate all rulings (Doc. 55) and to vacate the date for payment of the appellate filing fee (Doc. 59) are denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 17th day of January, 2012, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge