IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONTGOMERY CARL AKERS,

                **Plaintiff,**

      **v.**                              **CASE NO. 08-3106-SAC**

MICHAEL SHUTE, et al.,

                **Defendants.**

## O R D E R

This matter is a civil rights action filed by prisoner in federal custody. Plaintiff alleged that his Fourth Amendment rights were violated by searches of his mail conducted during his incarceration at the United States Penitentiary, Leavenworth. In March 2010, the Court granted defendants' motion to dismiss, or in the alternative, for summary judgment. Plaintiff's appeal was dismissed in May 2011 due to his failure to pay the filing fee.

The matter is now before the Court on a series of filings by plaintiff seeking a declaration that the judgment is void due to fraud. Plaintiff specifically seeks relief under Rule 60(b)(4) and 60(d)(3) of the Federal Rules of Civil Procedure (Doc. 62).

Rule 60(b) "provides an 'exception to finality' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-70 (2010) (citation omitted) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005)). Under Rule 60(b)(4), a court may grant relief from judgment if the judgment is void. A judgment is void under this provision "only in the rare instance where [the] judgment is premised either on a certain

type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271.

Rule 60(d)(3) states that the power to grant relief from judgment under Rule 60(b) "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; ... or (3) set aside a judgment for fraud on the court." Fraud on the court includes "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (internal quotation marks omitted).

Plaintiff's motion alleges errors in the facts cited by the Court in its order granting defendants' dispositive motion. As thoroughly explained by the defendants' response, the facts concerning plaintiff's criminal history are well-settled from criminal proceedings against plaintiff in the District of Kansas[1], and those materials were properly noticed by the Court. Likewise, while plaintiff ascribes malicious intent to both the defendants' counsel and this Court, his claims are unsupported. Plaintiff has not established grounds for relief under Rule 60, and his motion will be denied.

Plaintiff also moves for an order to show cause and for an evidentiary hearing (Doc. 69) and for the Court to take notice of pleadings filed by him in a matter filed in the United States District Court for the District of Columbia (Doc. 70). The Court has considered these motions and will deny both. Plaintiff's requests continue to

---

[1] *USA v. Akers*, 04-cr-20089-KHV.

seek additional action by the Court in a matter that was resolved against him more than ten years ago. He has shown no viable ground for any relief at this point, and his pleadings appear to be both malicious and lacking in substance.

Finally, the Court advises plaintiff that additional filings in this matter are not encouraged and may be summarily rejected.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to vacate judgments and for fraud upon the court (Doc. 62) is denied.

IT IS FURTHER ORDERED plaintiff's motions for extension of time (Docs. 64 and 66) are denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for order to show cause and for evidentiary hearing (Doc. 69) and motion to take judicial notice of pleadings (Doc. 70) are denied.

**IT IS SO ORDERED.**

DATED:  This 2d day of July, 2020, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge